### LEWIS vs. BLANCHARD.

It is an implied condition of every contract, that the work contracted for shall be done in a sufficiently workmanlike manner, and the materials furnished shall not be spoiled.

APPEAL from the court of the sixth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. The petition states, that the defendant employed the plaintiff to build a gin for him, and agreed to pay him three hundred and fifty dollars, at any time he should want them to pay his workmen. He sued for that sum. The defendant answered, that the plaintiff had proceeded in the work in so inartificial and unworkmanlike a manner, that what he had done was of no use, and the defendant's timber was spoiled.

The plaintiff had a verdict and judgment, and the defendant appealed, after an unsuccessful attempt to obtain a new trial.

On the trial, the court charged the jury, "that, according to the contract, which was the law between the parties, the defendant had engaged to make an advance, to which

the plaintiff was entitled, unless he had en-
tirely abandoned the work; to that advance
he was entitled, whatever might be the value
or quality of the work done, at the time he
demanded the advance; that the considera-
tion could not be said to have failed, and the
defendant had her remedy, if the work was
not completed according to the contract, ei-
ther by a direct action, or by withdrawing the
last instalments, if it appeared the considera-
tion had failed." To this charge the defend-
ant's counsel excepted.

We think the judge erred. It is an im-
plied condition of every contract, that the
work contracted for shall be done in a suffi-
ciently workmanlike manner, and the materi-
als furnished shall not be spoiled. Had the
plaintiff called for the advance, he had stipu-
lated for, before he had done any work, his
claim could not have been refused, for the de-
fendant had promised to make the advance *at
any time.* But if he spoiled the defendant's
timber, and the work he made was insuffi-
cient and unworkmanlike; he failed in com-
plying with his part of the contract, and there-
by gave the defendant a right to refuse a
compliance with her part, and she was not

West'n. District.
October, 1829.

Lewis
vs.
Blanchard.

bound to wait till the plaintiff left the work or completed it, in order to sue him for damages, or withhold the second instalment, which might not afford a sufficient remedy.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the verdict set aside, and the case sent back for a new trial, with directions to the judge, not to give to the jury the charge excepted to—the appellee paying costs in this court.

*Thomas* and *Flint* for plaintiff, *Boyce* for defendant.